1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS E. GAYTAN, RENE H. SANCHEZ, and ANDRES BERNARDINO on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BIMBO BAKERIES USA, INC., a corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. CV 13-8471 MWF (JEMx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF DISCOVERY MATERIALS |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Pursuant to the Parties' Stipulation request for a Rule 26(c) Protective Order and the Court finding good cause for granting the requested relief, the Court hereby enters the following Protective Order regarding the Confidentiality of Discovery Materials (hereinafter "Protective Order") in the above-titled case:

1. The Parties shall have the right to limit access to any document, data, or information produced in discovery or other item relevant to this litigation, including without limitation, data or documents produced by a party or third third-party, answers to interrogatories, and any portion of deposition testimony or other testimony by a witness, to the counsel for the Parties. Such documents and data include, without limitation, those that contain confidential compensation, benefits, work hours, and other personal information pertaining to putative class members other than the named Plaintiffs.

2. Such documents or other tangible items must be designated by conspicuously stamping the words "COUNSEL ONLY" on each page of the designated material or by notifying the other Party in writing of the material to be considered so designated. With regard to testimony, a Party must notify the other parties of the portion of testimony to be designated "COUNSEL ONLY" on the record at the deposition.

3. All information and documents designated as "COUNSEL ONLY" shall be used only for the purposes of this action and shall not be used for any other purpose except upon written consent of the designating party or order of the Court. All information, data, and documents produced by Defendant for purposes of mediation shall be designated as "COUNSEL ONLY" without objection by Plaintiffs or their counsel. All information designated as "COUNSEL ONLY" shall be held in confidence and shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

      a.    the undersigned counsel and attorneys from their respective law firms, in-house counsel for Defendant, and the employees of any of the above counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

      b.    the Court and its personnel;

      c.    any outside expert or consultant engaged by a Party for the purpose of assisting in this litigation, provided, however, that such outside expert or consultant agrees in writing to comply with the terms of this Protective Order in the format attached as Exhibit A hereto;

      d.    any trial or deposition witnesses, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action, provided that all individual identifier information and all individual compensation and benefits information pertaining to putative class members other than the named Plaintiffs is redacted before the document(s) or information designated for "COUNSEL ONLY" is shared with the witness(es) <u>and</u> only if, prior to any such dissemination, the witness(es) provide a written statement in the format attached as Exhibit "A" hereto, that they agree to be bound by this Protective Order;

      e.    any person who was involved in the preparation of the document or information;

      f.    any other person, entity, or firm with the prior written consent of all Parties; or

      g.    any mediator selected by the parties.

4.    The Parties shall also have the right to designate as "CONFIDENTIAL" any information, documents, data, or other item relevant to this litigation, including, without limitation, data or documents produced by a party or third-party, answers to interrogatories, and any portion of deposition testimony or other testimony by a witness.  Such documents and data include, without

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

limitation, policies, employment records, payroll records, financial/accounting records of any Party, and time-keeping data.

5. Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the designated material or by notifying the other Party in writing of the material to be considered so designated. With regard to testimony, a Party must notify the other parties of the portion(s) of the record to be designated "CONFIDENTIAL" on the record at the deposition.

6. All information and documents designated as "CONFIDENTIAL" shall be used only for the purposes of this action and shall not be used for any other purpose except upon written consent of the designating party or order of the Court. All information and documents designated as "CONFIDENTIAL" shall be held in confidence and shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

    a. the named Plaintiffs in this action, the undersigned counsel, and attorneys from their respective law firms, in-house counsel for Defendant, and the employees of any of the above counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

    b. the Court and its personnel;

    c. any expert or consultant engaged by a Party for the purpose of assisting in this litigation, provided, however, that such outside expert or consultant agrees in writing to comply with the terms of this Protective Order in the format attached as Exhibit A hereto;

    d. any trial or deposition witnesses, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action <u>and</u> only if, prior to any such dissemination, the witness(es), other than witnesses produced or identified by the Defendant, provide a written statement

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

in the format attached as Exhibit "A" hereto, that they agree to be bound by this Protective Order;

   e. any person who was involved in the preparation of the document or information; or

   f. any other person, entity, or firm with the prior written consent of all Parties, but only if that third party provides a written statement in the format attached as Exhibit "A" hereto, that they agree to be bound by this Protective Order; or

   g. any mediator selected by the parties.

  7. Any Party that provides information, documents or other discovery obtained from any other Party in the course of this litigation designated as "CONFIDENTIAL" to any person permitted under this Protective Order, including the named Plaintiffs and witness(es), or any expert (other than the Court, court personnel, and court reporters or any mediator selected by the parties) will ensure that the receiving person is advised of this Protective Order and agrees to be bound by it by obtaining a written statement in the format attached as Exhibit "A" hereto.

  8. When any document or information designated "COUNSEL ONLY" or "CONFIDENTIAL" or other pleadings or papers disclosing or referring to such information are used in connection with any motion, hearing, filing or other submission to the Court, those materials and papers, or any portion thereof that discloses information designated as "COUNSEL ONLY" or "CONFIDENTIAL," the filing party must be submitted to the Court with an application under L.R. 79-5 to be filed under seal and/or the private information must be redacted after consultation with the producing party concerning appropriate redactions. Even if the filing party believes that the materials subject to this Protective Order are not properly classified as confidential, the filing party shall comply with the requirements of L.R. 79-5; provided, however, that the filing of the documents

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

under L.R. 79-5 shall be without prejudice to the filing party's rights under ¶ 9 of the Protective Order.  This Protective Order does not entitle the Parties to file any information under seal.  The Central District of California's Local Rules, including L.R. 79, sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

  9. Nothing in this Protective Order shall preclude any Party from challenging a designation of "COUNSEL ONLY" or "CONFIDENTIAL" by another Party.

   a. If any Party elects to challenge a designation of any data, document, interrogatory response, deposition testimony, or other information pursuant to this Order, that Party must provide at least ten (10) days advance written notice to afford the designating Party an opportunity to remove voluntarily such designation.

   b. If, after the ten-day period has expired, the designating Party has not agreed to remove the designation and the Parties are otherwise unable to resolve the challenge to the designation after conferring in good faith in person or by phone, the challenging and designating Parties shall contact the Court, if allowed by the Court, for a determination of whether the challenged designation is appropriate. The designating Party shall provide the Court with one copy of the material challenged.  If the designating party does not initiate a determination, as defined below, of the designation by the Court within ten (10) days after the ten-day period has expired, the documents, deposition testimony, or other information at issue will lose the designation of "COUNSEL ONLY" or "CONFIDENTIAL."  The designating party must initiate determination of the designation by the Court by following the procedures:  (1) calling the Magistrate Judge's clerk and requesting a telephonic or in-person hearing, and, if requested by the Magistrate Judge; (2) sending a letter to the challenging party under Central District Local Rule 37-1,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

followed by a conference of counsel under L.R. 37-1 and the designating party sending that party's portion of a joint stipulation under L.R. 37-2 to the challenging party within ten (10) days after the conference of counsel.

      c.    If a Party challenges a designation of "COUNSEL ONLY" or "CONFIDENTIAL" to the Court, the material is to be treated as "COUNSEL ONLY" or "CONFIDENTIAL" until such time as the Court has ruled on the challenge, at which time the "COUNSEL ONLY" or "CONFIDENTIAL" designation will be removed only if the Court so orders.

10.    In addition to the obligations of the Parties and their counsel to ensure compliance with this Protective Order by third parties who execute Exhibit A hereto, nothing in this Protective Order shall preclude any Party from seeking from the Court an Order binding third parties to abide by this Protective Order.

11.    Within sixty (60) days after the close of this litigation for any reason, each Party and its counsel shall retrieve all copies of materials designated "COUNSEL ONLY" or "CONFIDENTIAL" from his and/or its own files, and from experts or other persons to whom he or it has provided such materials, and shall do one of the following: (1) return to the designating Party all such materials, including all copies thereof, produced by such designating Party during this action, however, if counsel for either party is legally and/or ethically obligated to produce, review and/or rely on "COUNSEL ONLY" or "CONFIDENTIAL" information and documents, counsel for the producing party shall provide such necessary "COUNSEL ONLY" or "CONFIDENTIAL" information and documents within 21 calendar days of the written request; or (2) certify in writing to the designating Party that all materials designated "COUNSEL ONLY" or "CONFIDENTIAL" produced by such other Party during this action have been destroyed, however, if counsel for either party is legally and/or ethically obligated to produce, review and/or rely on "COUNSEL ONLY" or "CONFIDENTIAL" information and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

documents, counsel for the producing party shall provide such necessary "COUNSEL ONLY" or "CONFIDENTIAL" information and documents within 21 calendar days of the written request. In addition to these obligations, within forty-five (45) days after the completion of the mediation, if any, Plaintiffs' counsel shall retrieve from their files and from all experts they have retained all copies of data and spreadsheets provided by Defendant to Plaintiffs' counsel for purposes of mediation, as well as all other compilations, lists or summaries of those materials, and shall return all such materials to Defendant or certify in writing to Defendant that all such materials have been destroyed, which shall include completely erasing all copies of the materials from computer databanks, hard drives, external drives, and disks.

12.   To the extent that any information and documents designated as "COUNSEL ONLY" or "CONFIDENTIAL" are produced by a Party in connection with any mediation in this action, the receiving counsel shall not forward any electronic copies or hard copies of such documents to anyone else, other than experts, and shall return such documents and all copies thereof immediately upon the conclusion of the mediation or after the dismissal of certain claims and shall not retain any copies, summaries, or electronic images of such documents. Notwithstanding the foregoing, the Parties may mutually agree to extend the time for the return of such documents to facilitate continued settlement discussions, if any. The named Plaintiffs may review the hard copy or electronic information provided by a Party in connection with mediation or in connection with the dismissal of certain claims, but may not independently receive copies of such information.

13.   Nothing herein contained shall be construed to preclude or limit any Party from opposing any discovery on any grounds that would otherwise be available. This Protective Order shall not, in and of itself, prejudice any contention

of any Party upon any motion, nor shall this Protective Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof.  This Protective Order shall not limit any Party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

14.    Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in, or the trial of, this action.

15.    Inadvertent failure to designate material as "COUNSEL ONLY" or "CONFIDENTIAL" shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate.

16.    Nothing in this Protective Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege.  Further, inadvertent production of privileged information shall not waive the privilege.  If privileged information is inadvertently produced, the recipient agrees that, upon written request from the producing party, it shall promptly return all copies of documents and/or electronic media provided containing the privileged information, and make no use of the privileged information.

17.    In the event that any Party or their counsel obtains information from a third party that the Party believes in good faith to be confidential, the Party may designate such information "COUNSEL ONLY" or "CONFIDENTIAL" pursuant to this Protective Order and it shall be treated as such in accordance with the Protective Order.

18.    Upon the final resolution of this litigation, the provisions of this Protective Order shall continue to be binding. The Court will expressly retain

jurisdiction over this action for enforcement of the provisions of this Protective Order following the final resolution of this litigation.

19. This Protective Order is binding on all Parties to this action and on all third parties who have been served with a copy of this Protective Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by Order of the Court.

**IT IS SO ORDERED.**

Dated: June 23, 2014

*/s/ John E. McDermott*
John E. McDermott
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding Confidentiality Of Discovery Material ("Protective Order") in *Luis E. Gaytan, et al. v. Bimbo Bakeries USA, Inc.*, Civil Action No. CV 13-8471 MWF (JEMx), and understands their terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing their terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any information designated as Counsel Only or Confidential made available to him/her other than in accordance with the Protective Order.

Dated: _____

By: _____

(Type or print name of individual)

Of: _____
     Name of Employer

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES